UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARVIN LAKE AND JUAN GUTIERREZ, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 2:08-CV-02661 JAM-KJM |
| | ) | ORDER DISMISSING PLAINTIFFS' |
| | ) | COMPLAINT AGAINST AT&T CORP. |
| Plaintiffs, | ) ) | WITH PREJUDICE |
| v. | ) ) | |
| IRISH CONSTRUCTION, IRISH COMMUNICATION COMPANY (ICC), AT&T and DOES 1-750, | ) ) ) ) | |
| Defendants. | ) ) | |

Marvin Lake and Juan Gutierrez and all others similarly situated ("Plaintiffs") brought this class action against Irish Contstruction, Irish Communication Company, and AT&T Corp. ("AT&T") for various state law claims.  Plaintiffs brought claims against AT&T for violations of California Business and Professions Code § 17200 and California Labor Code § 2810.  AT&T brought a Motion to Dismiss Plaintiffs' claims with prejudice under Rule 12(b)(6). Plaintiffs opposed the motion and brought a Motion to Remand.  For the reasons stated below, Plaintiffs Motion is DENIED and AT&T's

1 Motion is GRANTED.[1]

2

3                              OPINION

4       As a threshold matter, the Court must determine whether it has

5 jurisdiction over this action.  This action was removed to federal

6 court by AT&T under the Class Action Fairness Act ("CAFA"), 28

7 U.S.C. § 1332(d)(2), which states:

8           The district courts shall have original jurisdiction of any
            civil action in which the matter in controversy exceeds the
9           sum or value of $5,000,000, exclusive of interest and costs
            and is a class action in which-

10          (A) any member of a class of plaintiffs is a citizen of a
            State different from any defendant;

11 Both parties concede that AT&T has met the minimal diversity

12 threshold.  However, Plaintiffs argue that this matter should be

13 remanded to state court based on either the home state exception or

14 the local controversy exception to CAFA.  Both of these exceptions

15 require that at least two-thirds of the members of all proposed

16 plaintiff classes in the aggregate are citizens of the state in

17 which the action was originally filed.  See 28 U.S.C. §§

18 1332(d)(4)(A)-(B).

19       Plaintiffs bear the burden of proving that two-thirds of the

20 members of all proposed plaintiff classes are citizens of

21 California.[2]  See Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024

22 (9th Cir. 2007) ("[T]he objecting party bears the burden of proof

23 as to the applicability of any express statutory exception under §§

24

---

25       [1]This motion was determined to be suitable for decision
without oral argument.  E.D. Cal. L.R. 78-230(h).
26       [2] Plaintiffs' reliance on In re: Farmer's Insurance, NO. 33-
1439(B), 2008 U.S. Dist. LEXIS 69049 (D. Or. Aug. 18. 2008) for the
27 proposition that AT&T bears the burden of proof is inapposite.  In
that case, Defendants had failed to establish minimal diversity and
28 so still retained the burden of proof.  In this case, both parties
concede that minimal diversity has been established.

1332(d)(4)(A) and (B).")  Plaintiffs have failed to meet this
burden.  The only evidence Plaintiffs have submitted with regard to
the number of employees who are citizens of California was several
declarations by the named plaintiffs discussing their beliefs about
the citizenship of roughly 125 of their co-workers.  Plaintiffs
neither lay an adequate foundation for this knowledge nor do they
establish that this sample of workers is representative of the
potential class of 1,308 workers.  Because Plaintiffs have not met
their burden of proof, their Motion to Remand is denied.

Plaintiffs have also failed to state a claim under California
Labor Code § 2180.  Rule 12(b)(6) permits a court to dismiss a case
for "failure to state a claim upon which relief can be granted."
"Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt
that the plaintiff can prove no set of facts to support his
claims."  Manshardt v. Fed. Judicial Qualifications Comm., 408 F.3d
1154, 1156 (9th Cir. 2005).

Rule 8 of the Federal Rules of Civil Procedure requires
plaintiffs to present "a short and plain statement of a claim
showing that the pleader is entitled to relief."  Under Bell
Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1964-66
(2007), plaintiffs are required to allege sufficient facts "to
raise a right to relief above the speculative level."

In Twombly, the Supreme Court clarified that in order to
survive a motion to dismiss for failure to state a claim, a
plaintiff must allege "enough facts to state a claim to relief that
is plausible on its face."  It is not enough, the Supreme Court
held, that a claim to relief may be "conceivable;" rather, the
plaintiffs must "nudge[] their claims across the line from

3

1 | conceivable to plausible. . . ."

2 |     Plaintiffs, employees or former employees of defendant Irish

3 | Construction and/or Irish Communication Company, allege that AT&T

4 | violated California Labor Code Section 2810, which makes it

5 | unlawful for a person or entity to enter into an agreement with a

6 | "construction, farm labor, garment, janitorial, or security guard

7 | contractor," where the person or entity "knows or should now" that

8 | the agreement "does not include funds sufficient to allow the

9 | contractor to comply with all applicable" wage and hour laws. *See*

10 | Cal. Lab. Code § 2810(a).

11 |     Plaintiffs' allegations against AT&T for alleged violations of

12 | Section 2810 are set forth in paragraphs 23-24 and 80-88 of the

13 | Complaint.  Only three of these paragraphs purport to set forth

14 | "facts" to support the claim:

15 |     • Paragraph 23.  During the respective periods that

16 |         PLAINTIFFS and members of the proposed class were

17 |         "aggrieved employees" of Defendant IRISH, AT&T and Doe

18 |         Defendants 1-750 (collectively "2810 Defendants") entered

19 |         into construction contracts with IRISH where they knew or

20 |         should have known that the contracts did not contain

21 |         sufficient funds to meet labor standards.  The 2810

22 |         Defendants, including AT&T, violated Labor Code § 2810(a)

23 |         and failed to meet their rebuttable presumption under

24 |         that Labor Code section that their contracts contain

25 |         sufficient funds because they failed to complete the

26 |         contract requirements of Labor Code § 2810(d),

27 |         specifically items 3-9.  Further, Defendant AT&T was made

28 |         aware of the wage violations by Plaintiff Marvin Lake and

was interviewed by AT&T representatives about the wage violations, but failed to act to protect the workers under the contract.

- Paragraph 24.  The 2810 Defendants' failure to include the items in the contract required by Labor Code § 2810, and failure to inquire as to the pay rates and schedules of IRISH employees resulted in economic harm to the aggrieved employees of IRISH.  The allegations of paragraphs 13 to 23 serve as predicate unlawful acts for the purpose of recovery under Labor Code § 2810. PLAINTIFFS allege that they and proposed class members were third party beneficiaries of such contracts and suffered economic harm and injury in fact pursuant to the 2810 Defendants' failure to comply with Labor Code § 2810.

- Paragraph 81.  AT&T and DOE Defendants entered into contracts for construction labor services with IRISH where they knew or should have known the contract or agreement did not include funds sufficient to allow the contractor to comply with all applicable local, state, and federal laws or regulations governing the labor or services to be provided.  AT&T was specifically aware of the failure to pay all wages because they contacted Marvin Lake and interviewed him with (sic) the last year regarding the wage violations they had heard about at IRISH.

These three paragraphs are nothing more than legal conclusions and speculation.  The allegations in these paragraphs are largely

1   recitations of the requirements of § 2810(a) and nothing more.  As

2   Twombly held, a "formulaic recitation of the elements of a cause of

3   action" does not suffice.  The rest of the allegations in these

4   paragraphs are conclusory statements related to the rebuttable

5   presumption – which is irrelevant to whether a claim under Section

6   2810 is stated.  Plaintiffs' remaining allegations are nothing more

7   than legal conclusions or speculation without any supporting facts.

8   There are no facts showing or even implying "a right to relief

9   above the speculative level." Twombly, 127 S.Ct. at 1964-65.

10  "Properly understood, Section 2810(a) places on plaintiffs the

11  burden showing that defendants entered into contracts knowing them

12  to be insufficient." Rojas v. Brinderson Constructors, Inc., 567

13  F.Supp.2d 1205, 1211 (C.D. Cal. 2008).  Like the plaintiffs in

14  Rojas, Plaintiffs and their counsel in this case have not seen any

15  of the alleged contract(s) under which the Plaintiffs performed

16  services for Irish, nor do they have any knowledge or facts

17  concerning their terms and conditions or the services to be

18  performed by Irish under the alleged contract(s).  Moreover,

19  Plaintiffs do not allege any facts, nor do they have any facts, to

20  support their conclusion that AT&T was a party to the alleged

21  contract(s) under which Plaintiffs performed services for Irish, or

22  that any of the alleged contract(s) "did not include funds

23  sufficient to comply with all applicable labor laws."  Finally,

24  Plaintiffs have alleged no facts, nor are there any, to support

25  their purely conclusory allegations that AT&T "knew or should have

26  known" that the alleged contract(s) did not include "sufficient"

27  funds.

28      Plaintiffs argue that because they have alleged that AT&T's

contract failed to contain the ten elements listed in California
Labor Code § 2810(d), they have adequately stated a claim.
Plaintiffs misread the law.  California Labor Codes § 2810(b) and
(d) create a rebuttable presumption *in favor of the Defendant* if
all ten enumerated elements are contained in the contract.  It does
not follow that the burden of proof shifts to the Defendant if
those elements are not present.  See Rojas, 567 F.Supp.2d at 1211
("[S]ubdivision (b) does not relieve plaintiffs of their duty to
plead a cause of action, but may be invoked by defendants *after*
plaintiffs establish a claim under Section 2810(a)") (emphasis in
original).

     Plaintiffs also argue that AT&T had knowledge of labor code
violations.  Such an allegation is not sufficient to plead a cause
of action under § 2810.  A similar argument was made and rejected
in Rojas, where the court noted that even if Defendants knew about
labor code violations, that knowledge did not "speak to the alleged
under-funding of the contracts [or] the [defendants] knowledge
thereof, which, after all, are the necessary elements of a Section
2810 claim."  567 F.Supp.2d at 1209.  Accordingly, under both
Twombly and Rojas, Plaintiffs' claim under § 2810 herein is
insufficient and must be dismissed.

     Plaintiffs also allege a claim against AT&T under California
Business and Professions Code which is based entirely on the claim
of a violation of § 2810.  See Complaint ¶¶ 37, 40.  Section 17200
itself does not prohibit anything, but instead merely provides a
definition of what constitutes "unfair competition."  "Unfair
competition" is defined in pertinent part as "[a]ny unlawful,
unfair or fraudulent business act or practice."  Cal. Bus. & Prof.

1    Code §§ 17200, et seq.  In essence, Section 17200 "borrows

2    violations of other laws and treats these as violations, when

3    committed pursuant to business activity, as unlawful practices

4    independently actionable under Section 17200 and subject to the

5    distinct remedies provided thereunder."  Lagatree v. Luce, Forward,

6    Hamilton & Scripps, 74 Cal.App.4th 1105, 1110 n. 1, 88 Cal.Rptr.2d

7    664 (1990).

8         Here, Plaintiffs have predicated the § 17200 against AT&T

9    based on a violation of Labor Code § 2810.  Because Plaintiffs have

10   no claim under § 2810 as demonstrated above, Plaintiffs have no §

11   17200 claim either.

12        Plaintiffs' pleading does not comply with Rule 8 or Twombly.

13   Furthermore, based on their Complaint and their pleadings in

14   response to AT&T's motion herein, Plaintiffs do not appear to be

15   able to allege any factual basis that would support a § 2810 claim.

16   Accordingly, Plaintiffs' Complaint against AT&T is dismissed in its

17   entirety with prejudice.  See Rojas, 567 F.Supp.2d at 1212

18   (dismissing § 2810 claim with prejudice for failure to provide

19   factual basis for claim).

20                              ORDER

21        For the reasons stated above, Plaintiffs' Motion to Remand is

22   DENIED and AT&T Motion to Dismiss with Prejudice is GRANTED.

23

24   IT IS SO ORDERED.

25   Dated: January 21, 2009

26                              JOHN A. MENDEZ,
                                UNITED STATES DISTRICT JUDGE

27

28